UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PAUL BERLANGA,

                Petitioner,        Case No. 2:24-cv-12587
                                           Honorable Susan K. DeClercq
v.                                       United States District Judge

GARY MINIARD,

                Respondent.
_____/

**ORDER TRANSFERRING SUCCESSIVE HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

**I.**

Michael Paul Berlanga, incarcerated at Central Michigan Correctional Facility in St. Louis, Michigan, filed this successive petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state-court conviction. Because Berlanga has not received preauthorization to file a second petition, the present action must be transferred to the United States Court of Appeals for the Sixth Circuit.

**II.**

In 2010, a jury in the Oakland County Circuit Court convicted Berlanga of three counts of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(b), and one count of third-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520d(1)(a). Berlanga's conviction was affirmed on direct appeal.

*People v. Berlanga*, No. 298176, 2011 WL 4424398 (Mich. Ct. App. Sept. 22, 2011); *People v. Berlanga*, 819 N.W.2d 881 (Mich. 2012) (Table).

The state courts also denied Berlanga's subsequent postconviction appeal. *People v. Berlanga*, No. 318651 (Mich. Ct. App. Feb. 21, 2014); *People v. Berlanga*, 852 N.W.2d 179 (Mich. 2014) (Table).

Following his state postconviction appeal, Berlanga filed his first federal habeas petition. The petition raised claims of prosecutorial misconduct and ineffective assistance of trial and appellate counsel. The Court denied relief, finding that the claims were without merit. *Berlanga v. Winn*, No. 2:14-cv-13752, 2016 WL 4662430 (E.D. Mich. Sept. 7, 2016). The Sixth Circuit denied a certificate of appealability. *Berlanga v. Winn*, 2017 WL 4863171 (6th Cir. May 11, 2017).

Berlanga's current habeas petition asserts that the trial court erred in admitting prior bad-acts evidence. ECF No. 1 at PageID.33–38.

### III.

Under the Antiterrorism and Effective Death Penalty Act of 1996, someone seeking to file a second or successive habeas petition must first request that the court of appeals authorize the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Stansell*, 828 F.3d 412, 414 (6th Cir. 2016). Federal district courts lack jurisdiction to consider successive habeas

petitions absent preauthorization from the court of appeals. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)); *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Because this is Berlanga's second federal habeas petition filed under § 2254, and because he failed to obtain preauthorization from the Sixth Circuit, this Court lacks jurisdiction to consider his claims. When, as here, a habeas petitioner files a second or successive habeas petition in the district court without preauthorization, the district court must transfer the case to the court of appeals. *See* 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

## IV.

Accordingly, it is **ORDERED** that the Clerk of the Court transfer the instant petition to the United States Court of Appeals for the Sixth Circuit.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 19, 2025